IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TIMOTHY QUANDER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES,<br><br>　　　　　Defendant. | CIV. NO. 22-00068 JMS-RT<br><br>ORDER GRANTING DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT, ECF NO. 39 |

**ORDER GRANTING DEFENDANT RUSHMORE LOAN MANAGEMENT SERVICES LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT, ECF NO. 39**

**I. INTRODUCTION**

Defendant Rushmore Loan Management Services LLC ("Defendant Rushmore") filed a Motion to Dismiss the Amended Complaint ("Motion"), ECF No. 39, arguing that Plaintiff Timothy Quander ("Plaintiff" or "Quander") does not have standing to enforce a 2018 Consent Judgment referenced in the Amended Complaint, ECF No. 37. Additionally, Defendant Rushmore argues that even if Plaintiff had standing, the Amended Complaint's factual allegations fail to state a claim imputing liability to Defendant Rushmore, which is not a signatory to the Consent Judgment.

The court agrees with Defendant Rushmore's arguments and, for the reasons stated below, GRANTS Defendant Rushmore's Motion to Dismiss.

## II. BACKGROUND

The court and parties are familiar with the background, which is set forth in the court's August 16, 2022 "Order (1) Granting Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing's Motion to Dismiss, ECF No. 20; and (2) Granting in Part and Denying in Part Defendant Rushmore Loan Management Services LLC's Substantive Joinder, ECF No. 23" ("August 16, 2022 Order").  ECF No. 36.  This Order thus provides only the facts and background necessary to address the instant Motion.

On February 18, 2022, Plaintiff filed a Complaint in this District against PHH Mortgage Corporation ("PHH"), Newrez LLC d/b/a/ Shellpoint Mortgage Servicing ("Shellpoint"), and Defendant Rushmore, seeking to "remove" a foreclosure action against Plaintiff initiated by PHH in the Third Circuit Court, State of Hawaii (the "State Foreclosure Action").  ECF No. 1.  On May 3, 2022, Shellpoint filed a motion to dismiss the Complaint, ECF No. 20, to which Defendant Rushmore substantively joined.  ECF No. 23.  On August 16, 2022, the court dismissed Plaintiff's claims against Shellpoint and Defendant Rushmore without prejudice and with leave to file an amended complaint to sufficiently plead causes of action against Defendant Rushmore and Shellpoint.  ECF No. 36 at PageID.198–99.

On September 13, 2022, Plaintiff filed the Amended Complaint against Defendant Rushmore only.  ECF No. 37.  Plaintiff alleges that PHH commenced the State Foreclosure Action, which was "assigned" to Shellpoint and then to Defendant Rushmore, in purported violation of the Consent Judgment,[1,2] of which, Plaintiff claims, he was an intended beneficiary:[3]

> In 2017 PHH Corporation entered a state foreclosure which was then assigned to Shellpoint Mortgage Servicing in 2018 which was assigned to Rushmore Loan Management Services in early 2019.  These actions evaded and circumvented the consent order Civil Action 1:18CV 0009 [TFH] of the United States District Court for the District of Columbia.  The plaintiff was an intended beneficiary under the order also, by use of assignments the

---

[1] On January 3, 2018, in *The State of Alabama, et al. v. PHH Mortgage Corp.*, Civ. No. 18-00009 TFH (D.D.C.), State plaintiffs commenced an action against PHH in the United States District Court for the District of Columbia based on allegations that PHH, its affiliates or subsidiaries, violated each party States' Unfair and Deceptive Acts and Practices laws and the Consumer Financial Protection Act of 2010.  ECF No. 39-3 at PageID.218.  The parties resolved their claims and entered the subject Consent Judgment.  *Id*. at PageID.218–19.

[2] Under Federal Rule of Civil Procedure 12(b)(6), review is generally limited to the contents of the complaint.  *See, e.g.*, *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  However, when deciding a Rule 12(b)(6) motion to dismiss, a court may consider "facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," along with documents so heavily relied upon that they are "integral" to the complaint.  *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).  In addition, the court may take judicial notice of and consider matters of public record without converting a Rule 12(b)(6) motion into a motion for summary judgment.  *See, e.g.*, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001); *see also Fla. Power Corp. v. FirstEnergy Corp.*, 810 F.3d 996, 1012 n.1 (6th Cir. 2015) (taking judicial notice of a consent decree that was part of the public record in a different case).

Here, Plaintiff specifically references the Consent Judgment in the Amended Complaint, ECF No. 37 at PageID.203.  And Defendant Rushmore attached a copy to its Motion, ECF No. 39-3, which does not convert the Motion into a motion for summary judgment.

[3] For purposes of this Order, the court takes all facts alleged in the Amended Complaint as true and construes them in the light most favorable to Plaintiff.  *See Does v. Wasden*, 982 F.3d 784, 790 (9th Cir. 2020).

>defendant attempted to obfuscate PHH Mortage's [sic] previous misconduct in the foreclosure action.

ECF No. 37 at PageID.203.  As in the initial Complaint, Plaintiff seeks a "removal" of the State Foreclosure Action, and relief of "$50,00 [sic]" in punitive damages and a "denial of the consent orders [sic] obligations which include possible payments." *Id*. at PageID.204.

On September 27, 2022, Defendant Rushmore filed this Motion, ECF No. 39, arguing that Plaintiff has no standing to enforce the Consent Judgment and that even if he did, he fails to allege a factual or legal basis to impute liability under it to Defendant Rushmore.  ECF No. 39-1 at PageID.210.

Plaintiff filed an Opposition to the Motion on October 26, 2022, ECF No. 41, and Defendant Rushmore filed a Reply on November 7, 2022, ECF No. 42.  Plaintiff asserts that the Amended Complaint sufficiently states a claim for relief, that dismissal would be premature, and that the matter should proceed to discovery and trial.  ECF No. 41 at PageID.296.  Although not raised in the Amended Complaint, Plaintiff invokes 42 U.S.C. §§ 1981 and 1983, but provides no argument supporting their application.  *Id*.  Plaintiff also asserts that Defendant Rushmore used Shellpoint as an "intermediary" between it and PHH, which "give[s] credence to the [amended] complaint" because the parties to the Consent Judgment "did not envision a purging and predation of the decree's subject matter." *Id*. at PageID.296–97.  The court decides this matter without a hearing pursuant to Local Rule 7.1(c).

## III. STANDARDS OF REVIEW

A.  **Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject-matter jurisdiction, including claims for which a plaintiff lacks standing. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways—a "facial" or "factual" challenge. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A "facial" challenge accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* The district court resolves a facial challenge as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

A "factual" challenge "'relie[s] on extrinsic evidence and [does] not assert lack of subject matter jurisdiction solely on the basis of the pleadings.'" *Safe Air*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "[T]he district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* Regardless of the type of motion asserted under Rule 12(b)(1), the plaintiff always

bears the burden of showing that federal jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

**B.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Rule 12 is read in conjunction with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones. *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019) (citing *Twombly*, 550 U.S. at 555–56).

Plaintiff is appearing pro se; thus, the court liberally construes his Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v.*

*Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Rowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

## IV.  DISCUSSION

Plaintiff claims that he is an intended third-party beneficiary of the Consent Judgment.  Because the Amended Complaint is based on diversity jurisdiction, the court looks to the substantive law of Hawaii to determine whether Plaintiff is an intended third-party beneficiary of the Consent Judgment.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  In this regard, *Pancakes of Hawaii, Inc. v. Pomare Properties Corp.*, 85 Haw. 300, 944 P.2d 97 (Haw. App. 1997), distinguished between intended and incidental third-party beneficiaries:

> A third party beneficiary is "one for whose benefit a promise is made in a contract but who is not a party to the contract."  "The rights of the third party beneficiary must be limited to the terms of the promise," and this promise "may be express or it may be implied from the circumstances."  Furthermore, "a prime requisite to the status of 'third party beneficiary' under a contract is that the parties to the contract must have intended to benefit the third party, who must be something more than a mere incidental beneficiary."  For example, if contracting parties intend to confer direct benefits on a third party, that third party will have generally an enforceable contractual right.

7

85 Haw. at 309, 944 P.2d at 106 (citations omitted). And Hawaii law on third-party beneficiaries aligns with Ninth Circuit precedent, which provides that "incidental third-party beneficiaries may not enforce consent decrees, but intended third-party beneficiaries may." *United States v. FMC Corp.*, 531 F.3d 813, 820 (9th Cir. 2008). In the case of government contracts, the Ninth Circuit has underscored that third-party beneficiaries never have standing to enforce such contracts absent a clear expression to the contrary:

> [P]arties that benefit from a government contract are generally assumed to be incidental beneficiaries, rather than intended ones, and so may not enforce the contract absent a clear intent to the contrary. This clear intent hurdle is not satisfied by a contract's recitation of interested constituencies, vague, hortatory pronouncements, statements of purpose, explicit reference to a third party, or even a showing that the contract operates to the third parties' benefit and was entered into with them in mind. Rather, we examine the precise language of the contract for a clear intent to rebut the presumption that the third parties are merely incidental beneficiaries.

*Cnty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1244 (9th Cir. 2009) (citations and internal quotation marks omitted), *rev'd on other grounds by Astra USA, Inc. v. Santa Clara Cnty., Cal.*, 563 U.S. 110 (2011).

Here, there is nothing in the Consent Judgment to suggest that the parties to the Consent Judgment intended borrowers such as Quander to have enforceable rights. Furthermore, nothing in the Consent Judgment demonstrates that Plaintiff

could benefit in any way from it, because Plaintiff is not a covered borrower under its terms and any obligations of PHH expired in May 2021. *See* ECF No. 39-3 at PageID.221 (providing for cash payments to either borrowers "whose homes were sold or taken in foreclosure between and including January 1, 2009, and December 31, 2012," or "all other borrowers whose loans were serviced by PHH and referred to foreclosure during that same time period," which does not apply to Plaintiff); *see also id*. at PageID.226 (providing that PHH's "obligations to comply with the Servicing Standards shall expire" "three years from the Implementation Date" of May 10, 2018).

In addition, under the express terms of the Consent Judgment, only a government signatory may initiate an action to enforce the Consent Judgment after fulfilling certain requirements:[4]

> Prior to initiating an action to enforce this Consent Judgment, a government signatory shall: (1) provide written notice to the Executive Committee and Servicer of the basis for the potential action and a description of its allegations; (2) allow Servicer 15 days to respond to such notice in writing; and (3) participate in a meet and confer with Servicer if so requested during the 15-day period.

---

[4] Plaintiff also does not address—nor does he appear to be aware that—the United States District Court for the District of Columbia has retained jurisdiction to enforce the terms of the Consent Judgment. *See* ECF No. 39-3 at PageID.225 (V. Enforcement, ¶ 18).

9

*Id.* at PageID.225 (V. Enforcement, ¶ 16).  Stated another way, the Consent Judgment does not provide for enforcement proceedings brought by an individual borrower—such as Plaintiff—as a third-party beneficiary, nor does it provide that any party other than a government signatory may bring an enforcement proceeding in the United States District Court for the District of Columbia.  In short, the Consent Judgment affords Plaintiff no individual rights.  Therefore, Plaintiff has failed to allege sufficient facts to establish that he has standing to enforce the Consent Judgment.

Moreover, even if he were an intended beneficiary, Plaintiff has failed to allege sufficient facts in the Amended Complaint to impute any liability to Defendant Rushmore as an assignee of the mortgage that underlies the State Foreclosure Action.  The Amended Complaint contains no allegations of wrongdoing against Defendant Rushmore in general or, specifically, that it violated the terms of the Consent Judgment.[5]  Absent any allegations demonstrating how Defendant Rushmore is somehow liable under the Consent Judgment, the Amended Complaint fails to assert a viable cause of action against Defendant Rushmore.

---

[5] Moreover, although it is unclear whether Defendant Rushmore can be characterized as a "successor" of PHH, with an exception not applicable here, the Consent Judgment clearly provides that it is not binding on "any successors or assigns, future purchasers of all or substantially all of the assets of PHH Corporation or PHH Mortgage Corporation or successors-in-interest of PHH Corporation or PHH Mortgage Corporation." ECF No. 39-3 at PageID.226–27; *see also id*. at PageID.283 (including "predecessors, successors, and assigns . . . as well as the current and former directors, officers, and employees of any of the foregoing" as "Released Parties").

## V. **CONCLUSION**

Because Plaintiff lacks standing to bring his claims, the Motion is GRANTED for lack of subject-matter jurisdiction. It is also clear that leave to amend is not appropriate because amendment would be futile. *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (explaining that dismissal without leave to amend is proper when amendment would be futile). The Amended Complaint is dismissed without prejudice. *See Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) ("[D]ismissals for lack of Article III jurisdiction must be entered without prejudice because a court that lacks jurisdiction "is powerless to reach the merits.") (quoting *Fleck & Assocs., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1106–07 (9th Cir. 2006)). The Clerk of Court is directed to close the case file and enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 23, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Quander v. Rushmore Loan Mgmt. Servs.*, Civ. No. 22-00068 JMS-RT, Order Granting Defendant Rushmore Loan Management Services LLC's Motion to Dismiss the Amended Complaint, ECF No. 39